UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

S&B/BIBB HINES PB 3 JOINT VENTURE
and S&B ENGINEERS AND CONTRACTORS,
LTD.,

       Plaintiffs,

vs.                                                            Case No. 8:08-cv-439-JDW-MAP

PROGRESS ENERGY FLORIDA, INC.,

       Defendant.
_____/

## ORDER

This cause is before the Court *sua sponte*. Plaintiffs' Amended Complaint is 79 pages long, including exhibits, includes seven counts and 282 paragraphs of allegations (Dkt. 22). Each count incorporates by reference all preceding allegations (Dkt. 22, ¶¶ 112, 144, 176, 204, 236, 264, 267). Each count, with the exception of Counts VI and VII, plead multiple theories of recovery, including inconsistent contractual and equitable theories (Dkt. 22, ¶¶ 143, 175, 203, 235, 263). In response to the Amended Complaint, Defendant filed a 26 page Motion to Dismiss with 115 pages of exhibits (Dkt. 24, 29) and requested oral argument (Dkt. 25).

      Without regard to the merits of Defendant's Motion to Dismiss, the Amended Complaint is subject to dismissal *sua sponte.* Rule 8(a)(2), Fed.R.Civ.P., authorizes "a short and plain statement of the claims showing that the pleader is entitled to relief." The Amended Complaint contravenes Rule 8. Moreover, by incorporating all preceding paragraphs in each count, the Amended Complaint is what the Eleventh Circuit calls "a quintessential example of what we and other courts have

1

characterized as 'shotgun pleading.'" *See BMC Industries, Inc. v. Barth Industries, Inc.,* 160 F.3d 1322, 1327, n. 6 (11th Cir. 1998), *cert. denied,* 526 U.S. 1132 (1999), citing *Cramer v. Florida,* 117 F.3d 1258, 1263 (11th Cir.1997); *Mason v. Allen* (*In re Allen*),150 B.R. 21, 22 (Bankr. E.D.Va.1993).

The Amended Complaint has prompted a lengthy motion to dismiss, certain to result in prolonged litigation focusing on the sufficiency of the pleadings, rather than on the merits of the dispute from which the allegations arise. It effectively sets the stage "for the immense and unnecessary expenditure of resources" which has been repeatedly criticized in this Circuit. *See Byrne v. Nezhat,* 261 F.3d 1075, 1129- 31 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); *see also Wagner v. First Horizon Pharmaceutical Corp.* 464 F.3d 1273, 1279 (11th Cir. 2006) ("Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.").

Litigation of this nature places an undue burden on the Court's docket. *See Byrne*, 261 F.3d at 1130 ("[S]hotgun pleadings wreak havoc on the judicial system."). It is likely to drive up the cost of this litigation, broaden discovery unnecessarily, cause avoidable discovery disputes, and impede the Court's ability to resolve the dispute efficiently. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008) ("[T]he mischief shotgun pleadings causes undermines the public's respect for the courts-the ability of the courts to process efficiently, economically, and fairly the business placed before them."). The need for judicial intervention is therefore apparent, even at this early stage of the litigation.

Upon consideration, it is **ORDERED** that the Amended Complaint is **DISMISSED** without prejudice. Plaintiffs are granted leave to file a second amended complaint consistent with the authorities cited herein within twenty (20) days. Defendant's Motion to Dismiss (Dkt. 29) and Request for Oral Argument (Dkt. 25) are DENIED as moot.

**DONE AND ORDERED** in chambers this 2nd day of June, 2008.

/s/ James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record